## S90A0972. DRISKELL v. GEORGIA POWER COMPANY.
(397 SE2d 285)

FLETCHER, Justice.

This appeal arises from the Superior Court of Fulton County's dismissal for improper venue of Thomas W. Driskell's tort action against the Georgia Power Company. Driskell contends that the mandatory venue provisions of OCGA § 46-1-2 (c) are either unconstitutional or impliedly repealed. We affirm in part and reverse in part.

Georgia Power owns the Jones Bridge Public Recreation Area on Lake Burton in Rabun County. While Driskell was visiting the area in October 1988, a post upon which he was standing, crumbled under his weight, causing him to fall and injure himself. Driskell brought suit in Fulton County, where Georgia Power has its headquarters and principal place of business, rather than in Rabun County where the cause of action arose and Georgia Power has an agent.

OCGA § 46-1-2 (c) provides that:

[a]ny railroad or electric company shall be sued by anyone whose person or property has been injured by such railroad or electric company, . . . for the purpose of recovering damages for such injuries, in the county in which the cause of action originated; . . . In the alternative, if the company has no agent in the county where the cause of action arises, an action may be brought in the county of the residence of such company.

1. Driskell first argues that OCGA § 46-1-2 is unconstitutional as violative of the equal protection guarantees of the federal constitution. U. S. Const., amend. XIV, § I. He bases this argument on the premise that the statute creates two classes of otherwise similarly situated claimants, those with tort claims against electric companies and those against other companies. This argument is without merit.

The mere direction of the state law that a cause . . . shall be tried in one forum instead of another . . . can have no tendency to violate the guaranty of the equal protection of the laws where, in both the forums, equality of law governs and equality of administration prevails. However, discrimination without any reasonable and adequate basis against particular persons in venue statutes, which is arbitrary and burdensome, violates the Fourteenth Amendment.

(Footnotes omitted.) 77 AmJur2d 834, 835, Venue, § 3 (1975). In this instance, this Court has already set forth a reasonable basis for the statute in *Davis v. Central R. &c. Co.*, 17 Ga. 323, 339-40 (1855). Thus, although this scheme may impose an unequal burden on Dris-

kell, there is a reasonable and adequate basis for the venue provision, and he will receive the same fair trial guarantees in either Rabun County or Fulton County.

2. Driskell's contention that OCGA § 46-1-2 does not apply because OCGA § 14-2-510 impliedly repeals it is also without merit. OCGA § 14-2-1701 (b) (1) specifically exempts from the application of the Georgia Business Corporation Code certain corporations:

> [The Georgia Business Corporation Code] shall not apply . . . [t]o corporations organized under a statute of this state other than either this chapter or any prior general corporation law, except to the extent that the former general corporation law or any of its provisions or this chapter or any of its provisions specifically have been or shall be made applicable to those corporations. . . .

OCGA § 14-2-1701 (b) (1). We find that Georgia Power was not organized under Chapter 2 of Title 14 or under any prior general corporation law; nor has OCGA § 14-2-510 specifically been made applicable to Georgia Power.

3. After consideration of Driskell's motion to determine venue and Georgia Power's response thereto, the trial court dismissed the action for improper venue. We reverse the dismissal and remand to the trial court for transfer of the action pursuant to Uniform Superior Court Rule 19.1.

*Judgment affirmed in part and reversed in part. Clarke, C. J., Smith, P. J., Bell, Benham, Fletcher, JJ., and Judge James H. Weeks, concur; Weltner, J., not participating. Hunt, J., disqualified.*

DECIDED OCTOBER 29, 1990.

*Van Gerpen, Shigley & Hoffman, Kenneth L. Shigley,* for appellant.

*Blasingame, Burch, Garrard & Bryant, Gary B. Blasingame, J. Ralph Beaird, Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley,* for appellee.